UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON C. DIEBERT,

        Plaintiff,

Case No. 1:06-CV-612

Hon. Janet T. Neff

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
                               /

### REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") (docket no. 17). For the reasons stated below, the undersigned recommends that plaintiff's motion be denied.

    **I.**    **Legal Standard**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

Eligibility for an EAJA fee award in a civil action requires:

> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

Defendant objects to plaintiff's fee application on the ground that the government's position was substantially justified. Under the EAJA, the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The government bears the burden under the EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n. 7 (6th Cir. 2001). The government's position is substantially justified

> if it is justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations and quotations omitted). Stated another way, "[t]he test for substantial justification [under the EAJA] is whether the agency had a rational ground for thinking it had a rational ground for its action." *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

**II.     Discussion**

The court reversed and remanded the ALJ's decision denying benefits pursuant to sentence four of 42 U.S.C. § 405(g). The court remanded this matter because "the ALJ's cursory and selective discussion of the objective medial evidence prevents any meaningful review by this court." Report and Recommendation at 13 (Aug. 13, 2007); Order Approving Report and Recommendation (Sept. 13, 2007). Specifically, the undersigned observed that:

> In the present case, it is difficult for the court to trace the objective evidence regarding plaintiff's back and neck problems. First, while the record includes copies of radiology reports from July, September and October 2003 (AR 309), the ALJ gave only cursory attention to the x-rays taken in July, with no mention of the later tests

> performed in September and October (AR 19). Second, while the ALJ characterized an MRI study of plaintiff's cervical spine from April 11, 2005 as "pretty much normal" (AR 20), she did not give any details regarding that study, or the other three MRI studies conducted on that date (AR 315-18). Third, the ALJ makes only a passing reference to plaintiff's Ehlers-Danlos syndrome, a condition which can range from mild to lethal (AR 20). [FN 3]
>
>> [FN 3] In some respects, it appears that the ALJ's decision may have been driven more by her observations at the hearing (e.g., "[t]he claimant got up and down like a Jack-in-the-Box at the hearing") than by an evaluation of the medical evidence (AR 21).

Report and Recommendation at 12-13.

The court's decision to award fees under the EAJA is independent from the court's review of the merits of the case, requiring "the court to examine through an EAJA prism both the Government's litigation position and the conduct that led to litigation." *Federal Election Commission v. Rose*, 806 F.2d 1081, 1090 (D.D.C. 1986). Although plaintiff was a prevailing Social Security claimant, EAJA fees are not available to her unless the Commissioner's position lacked "a reasonable basis in law and fact." *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006). In the context of a Social Security Appeal, the fact that the court finds a decision of the Commissioner is not supported by substantial evidence "is not equivalent to a finding that the position of the United States was not substantially justified" under the EAJA. *Couch v. Secretary of Health and Human Services*, 749 F.2d 359, 360 (6th Cir. 1984). Thus, the government's position can be found to be substantially justified even though the case was remanded for further proceedings. *See*, *e.g.*, *Gray v. Commissioner of Social Security*, No. 00-6616, 2001 WL 1450821 at *1 (6th Cir. Nov. 6, 2001) (remanded due to error of law); *Cunningham v. Halter*, No. 00-4034, 2001 WL 1450778 (6th Cir. Oct. 30, 2001) (government's position substantially justified when, although the matter was remanded for further development regarding three specific issues, the government had

successfully defended several claims); *Anderson v. Commissioner of Social Security*, No. 98-6284, 1999 WL 1045072 at * 5 (6th Cir. Nov. 12, 1999) (although an ALJ's decision contained flaws which require a reversal of the denial of benefits and a remand for further consideration, such a reversal did not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not "substantially justified" under the EAJA).

Although the court found that ALJ's decision denying benefits was flawed, the court agreed with the government that plaintiff had the residual functional capacity to perform light work and that the ALJ properly applied the medical vocational guidelines. The court reversed and remanded this matter because the ALJ's "cursory and selective discussion" of the medical evidence prevented a meaningful review by the court on plaintiff's claims (1) that the ALJ failed to properly evaluate her pain, limitations and side effects, and, (2) that these conditions could reasonably be expected to produce disabling pain. On remand, the undersigned recommended that the Commissioner perform "a more complete discussion of plaintiff's severe impairments, specifically the objective medical evidence of her spinal condition and Ehler-Danlos syndrome, as those impairments existed on or before her last insured date of June 30, 2004." Report and Recommendation at 13. There is, of course, a difference between the ALJ and the government here. The court neither awarded plaintiff benefits nor addressed the merits of plaintiff's claim that she suffered from disabling pain. Rather, the court reversed and remanded this matter to obtain a more complete discussion of the ALJ's reasons for denying the claim. Such a remand, while critical of the adjudicator, was certainly not equivalent to a finding that the government's position was not "substantially justified" under the EAJA. *See Gray*, 2001 WL 1450821 at *1; *Cunningham*, 2001 WL 1450778; *Anderson,* 1999 WL 1045072 at *5; *Couch*, 749 F.2d at 360.

### III.     Recommendation

Accordingly, I respectfully recommend that plaintiff's application for attorney fees (docket no.17) be **DENIED**.


Dated:  April 7, 2008                                        /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).